# 13 CV 3579

Kenneth A. Goldberg, Esq.
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3520
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ABRAMS

- - - - - - - - - - - - - - - x
                        :

JENNIFER A. BLACKETT,        :

            Plaintiff,     :     **COMPLAINT AND JURY DEMAND**

         - against -      :     <u>**JURY TRIAL DEMANDED**</u>

                        :

BETH ISRAEL MEDICAL CENTER AND   :
CONTINUUM HEALTH PARTNERS, INC.   :

           Defendants.     :

- - - - - - - - - - - - - - - x

## <u>NATURE OF THE ACTION AND THE PARTIES</u>

1.     This is an action to redress unlawful discrimination based on race and color, harassment, hostile work environment, discharge, and retaliation, under the New York City Human Rights Law, as amended (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 <u>et seq.</u>; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e <u>et seq.</u>; the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 <u>et seq.</u>; and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 <u>et seq.</u> ("Section 1981").

2.     The NYCHRL should be applied broadly and liberally, consistent with <u>Mihalik v. Credit Agricole Cheuvreux North America</u>, No. 11-3361-cv, 2013 WL 1776643 (2d Cir Apr 26, 2013) and <u>Williams v. N.Y.C. Housing Auth.</u>, 61 A.D.3d 62 (N.Y.A.D. 1 Dept., 2009), <u>lv. to appeal denied</u> 13 N.Y.3d 702 (2009).

3.    Plaintiff Jennifer A. Blackett ("Ms. Blackett" or "Plaintiff") is an adult female currently residing in Georgia.

4.    Upon information and belief, Beth Israel Medical Center ("Beth Israel") is a New York corporation with a principal place of business at 10 Nathan D Perlman Place, New York, New York 10003.

5.    Upon information and belief, Continuum Health Partners, Inc. ("Continuum") is a New York corporation with a principal place of business at 555 West 57th Street, New York, New York 10019.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over Plaintiff's Title VII claims based on 42 U.S.C. §§ 2000e-5(f), 2000e-5(g), 1981a and 28 U.S.C. §§ 1331, 1332, 1343 and 2201, and over Plaintiff's Section 1981 claims under Section 1981, 42 U.S.C. §§ 1981, 1981a, 1988, and 28 U.S.C. §§ 1341, 1343 and 2201.

7.    The Court has supplemental jurisdiction over Plaintiff's NYCHRL and NYSHRL claims, based on 28 U.S.C. § 1367(a).

8.    Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3).

9.    In 2010, Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

10.  On or about February 27, 2013, the EEOC issued a notice of right to sue to Plaintiff, which she received several days later.

11.  Plaintiff mailed a copy of this Complaint to the New York City Commission of Human Rights and the New York City Corporation Counsel, satisfying the notice requirements of N.Y.C. Admin. Code § 8-502(c).

12.  Plaintiff filed this lawsuit in a timely fashion and satisfied all of the statutory prerequisites to filing same.

13.  Plaintiff seeks an award of appropriate relief.

## PLAINTIFF'S EMPLOYMENT

14.  Plaintiff is female and of the African-American race and color.

15.  According to Continuum, it is a non-profit hospital system comprising several hospitals, including Beth Israel.

16.  In 1991, Defendants hired Plaintiff as an Accounts Payable/Receivable clerk, in the Accounts Payable Department.

17.  Plaintiff worked in an office of Continuum, received paychecks from Beth Israel, and worked on Beth Israel matters.

18.  In late 2003 or early 2004, Defendants promoted Plaintiff to Accounts Payable Supervisor (a/k/a/ Supervisor, Corporate Accounts Payable), with a salary of about $42,000.

19.  At all times, Plaintiff was qualified for her positions with Defendants.

20.  Defendants discriminated against Plaintiff because of her race and color, with respect to compensation.

21.   In August 2010, Plaintiff was constructively discharged from her employment with Defendants.

22.   Her salary was then about $49,608.

### EMPLOYMENT OF OTHER ACCOUNTS PAYABLE SUPERVISORS

23.   In 1996, Defendants hired Jacqueline Torres.

24.   Ms. Torres is outside Plaintiff's race/color and, upon information and belief, Ms. Torres is Hispanic or Latino.

25.   In 2005, Defendants promoted Ms. Torres to Accounts Payable Supervisor.

26.   Defendants paid Ms. Torres a larger salary than Plaintiff for the same position.

27.   As of August 2010, Ms. Torres' salary was about $53,367.

28.   In 1997, Defendants hired Amira Williams, African-American.

29.   In 2006, Defendants promoted Ms. Williams to Accounts Payable Supervisor.

30.   As of August 2010, Ms. Williams' salary was about $49,608.

31.   In 2004, Defendants hired Jensine Mayor.

32.   Ms. Mayor is outside Plaintiff's race/color and, upon information and belief, Ms. Mayor is Hispanic or Latino.

33.   In 2007, Defendants promoted Ms. Mayor to Accounts Payable Supervisor.

34.   Defendants paid Ms. Mayor a larger salary than Plaintiff for the same position.

-4-

35.   As of August 2010, Ms. Mayor's salary was about $58,439.

36.   Plaintiff had greater tenure than Ms. Mayor and Ms. Torres.

37.   As of August 2010, Defendants paid Plaintiff and Ms. Williams (African-American) less than Ms. Torres and Ms. Mayor (Hispanic or Latino) for the same position.

## PLAINTIFF'S PROTECTED COMPLAINTS

38.   During 2007, Plaintiff discovered that Defendants were paying larger salaries to Ms. Torres and Ms. Mayor.

39.   By that time, Plaintiff, Ms. Torres and Ms. Mayor were all holding the same position, Accounts Payable Supervisor.

40.   Plaintiff complained about such discrimination in compensation to Jackie Rosado, Assistant Director, Accounts Payable and William LaDue, Director, Accounts Payable.

41.   Defendants did not investigate Plaintiff's complaint.

42.   Defendants did not take any remedial action on Plaintiff's complaint.

43.   Rather, Defendants continued to engage in such discrimination, retaliated against Plaintiff, and verbally abused Plaintiff and harassed Plaintiff.

44.   Defendants assigned Plaintiff responsibility for payroll/time keeping.

45.   Defendants, without Plaintiff's knowledge or approval, submitted under Plaintiff's name payroll adjustments regarding various employees.

46.  By such adjustments, Defendants paid additional wages/monies to various employees.

47.  Upon information and belief, the payments of such additional wages/monies was not justified.

48.  In or about 2009, Plaintiff learned about the payroll adjustments through communications with the Payroll Department.

49.  The Payroll Department essentially advised Plaintiff that she could lose her job if employees, through payroll adjustments, received monies to which they were not entitled.

50.  Plaintiff believed that Defendants were misusing Plaintiff's name in submitting payroll adjustments to engage in wrongdoing and to set up Plaintiff for termination.

51.  Plaintiff complained about the matter to Ms. Rosado.

52.  In 2010, Plaintiff learned, through communications with the Payroll Department, that the payroll adjustments she previously complained about were continuing.

53.  In May 2010, Plaintiff complained to Defendants about submission of payroll adjustments in her name.

54.  Plaintiff met with Norman Werner, FACHE Corporate Compliance Director/Human Resources, and Carolyn Malvasio, Vice President Internal Audit, and complained about same.

55.  In addition, Plaintiff complained to Marvin Russell, Vice President, Human Resources and Janette Hicks, Labor Relations Specialist/Human Resources, about wage discrimination.

56.  Defendants did not take remedial action regarding

-6-

Plaintiff's protected complaints of discrimination and the payroll adjustments she repeatedly complained about continued.

57.   On August 10, 2010, Plaintiff filed another internal complaint of discrimination with Mr. Russell.

58.   Defendants failed and refused to take any remedial action.

59.   Plaintiff was constructively discharged.

### PLAINTIFF'S EEOC CHARGE

60.   In or about August 2010, Plaintiff filed an EEOC Charge.

61.   The EEOC investigated the EEOC Charge.

62.   The EEOC found discrimination in compensation and issued a Determination in Plaintiff's favor, stating, among other items, that:

> The Commission has determined that there is reasonable cause to believe that Respondent has discriminated against Charging Party and her black co-worker on account of their race and color.

63.   Similarly, the EEOC issued a Notice of Right To Sue reiterating that the EEOC found discrimination:

> The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief to you.

## DEFENDANTS' CONDUCT IS UNLAWFUL

64. Defendants discriminated against and harassed Plaintiff based on race and color, Defendants unlawfully retaliated against Plaintiff, and Defendants unlawfully discharged Plaintiff.

65. Defendants' unlawful conduct was unwelcome and offensive and occurred against Plaintiff's will and over her objections and complaints.

66. Defendants' unlawful conduct was severe and pervasive, adversely affected the terms, conditions and privileges of Plaintiff's employment with Defendants, resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

67. Tolerance of the unlawful discrimination and harassment described herein was a term and condition of Plaintiff's employment, and she suffered adverse tangible employment actions because she refused to acquiesce to that conduct and protested such conduct.

68. Accordingly, Plaintiff has also been the victim of "quid pro quo" harassment.

69. Plaintiff was treated less well than other employees because of her race and color.

70. Plaintiff opposed, objected to and complained about the unlawful conduct and was the victim of unlawful retaliation, including among other items, unlawful constructive discharge.

71. Defendants knew or should have known of the unlawful discrimination, harassment and retaliation.  Upon information and

belief, Defendants condoned such unlawful conduct.  Defendants failed to exercise reasonable care to prevent and correct the discrimination, harassment and retaliation.

72.  Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

73.  Plaintiff opposed, objected to and complained about the conduct, and engaged in protected activity.

74.  Defendants failed to take appropriate remedial action and failed to put an end to the unlawful conduct.

75.  Defendants unlawfully retaliated against Plaintiff for engaging in protected activity, including among other items, unlawfully constructively discharging her employment.

76.  Defendants' proffered reason for the conduct was a pretext for unlawful discrimination and unlawful retaliation.

77.  Defendants knew or should have known of the unlawful discrimination and retaliation towards Plaintiff.  Upon information and belief, Defendants condoned such unlawful conduct.  Defendants failed to exercise reasonable care to prevent and correct the discrimination and retaliation.

78.  Defendants' conduct, as alleged herein, was perpetrated with malice or reckless indifference to Plaintiff's rights to be free from discrimination and retaliation.

79.  As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages.

-9-

80.  At all relevant times, Defendants were engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## COUNT ONE

### (NYCHRL)

81.  Plaintiff repeats and realleges every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as though fully set forth herein.

82.  This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq. and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7), and 8-502.

83.  At all relevant times herein, Defendants were each an "employer", "covered entity" and a "person" within the meaning of the NYCHRL.

84. At all relevant times herein, Plaintiff was a "person" and "employee" within the meaning of the NYCHRL.

85.  Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on race and color, unlawful harassment, treatment of Plaintiff that was less well than other employees because of her race/color, unlawful hostile work environment, unlawful constructive discharge, and unlawful aiding and abetting thereof, in violation of the NYCHRL.

-10-

86.   Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYCHRL, and unlawful aiding and abetting thereof.

87.   Defendants are liable for the unlawful conduct herein both as an "employer" under NYCHRL § 8-107(1) and under the "aiding and abetting" provisions of NYCHRL § 8-107(6).

88.   Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and retaliation.

89.   As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, lost interest and attorneys' fees and costs.

90.   Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Defendants.

91.   As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendants.

## COUNT TWO

### (TITLE VII)

92.  Plaintiff repeats and realleges every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as though fully set forth herein.

93.  This Count is brought under Title VII, as amended, 42 U.S.C. § 2000e et seq., and reference is made to Title VII in its entirety and to 42 U.S.C. §§ 2000e, 2000e(b), 2000e(f), 2000e-2(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. § 1981a.

94.  At all relevant times, Defendants were each an "employer" within the meaning of Title VII.

95. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII.

96.  Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination based on race and color, unlawful harassment, unlawful hostile work environment, and unlawful constructive discharge, in violation of Title VII.

97.  Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of Title VII.

98.  Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and retaliation.

99.  As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without

-12-

limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, lost interest and attorneys' fees and costs.

100. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendants.

101. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from Defendants.

## COUNT THREE

### (NYSHRL)

102. Plaintiff repeats and realleges every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as though fully set forth herein.

103. This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 et seq. and reference is made to the NYSHRL in its entirety and to N.Y. Exec. L. §§ 292, 292(1), 292(5), 296, 296(1), 296(1)(a), 296(1)(e), 296(3-a)(c), 296(6), 296(7), and 297(9).

104. At all relevant times, Defendants were each an "employer" within the meaning of the NYSHRL.

105. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYSHRL.

-13-

106. Defendants' conduct, as alleged herein, constituted unlawful discriminatory and employment practices and unlawful discrimination based on race and color, unlawful harassment, unlawful hostile work environment, unlawful constructive discharge, and unlawful aiding and abetting thereof, in violation of the NYSHRL.

107. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYSHRL, and unlawful aiding and abetting thereof.

108. Defendants are liable for the unlawful conduct herein both as an "employer" under NYSHRL § 296(1) and under the "aiding and abetting" provisions of NYSHRL § 296(6).

109. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, and lost interest.

110. Plaintiff is entitled to recover such monetary and other damages, and interest from the Defendants.

111. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendants.

-14-

## COUNT FOUR

### (SECTION 1981)

112. Plaintiff repeats and realleges every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as though fully set forth herein.

113. This Count is brought under Section 1981, 42 U.S.C. § 1981 et seq. and reference is made to Section 1981 in its entirety and to 42 U.S.C. §§ 1981, 1981a, 1988, 1988(b).

114. Defendants' conduct, as alleged herein, constituted unlawful discrimination against Plaintiff in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," in violation of Section 1981.

115. Plaintiff engaged in protected activity under Section 1981.  Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of Section 1981.

116. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's rights to be free from discrimination and retaliation.

117. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, lost interest and attorneys' fees and costs.

118. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Defendants.

119. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment on all Counts, as follows:

(A)   On Count One, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL;

(B)   On Count One, award Plaintiff as against Defendants the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful conduct;

(C)   On Count One, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful conduct;

(D)   On Count One, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of

-16-

enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(E) On Count One, award Plaintiff as against Defendants punitive damages;

(F) On Count One, award Plaintiff as against Defendants the costs of this action, together with reasonable attorneys' fees;

(G) On Count Two, enter a judgment declaring the acts and practices of Defendants to be in violation of Title VII;

(H) On Count Two, award Plaintiff as against Defendants the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful conduct;

(I) On Count Two, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful conduct;

(J) On Count Two, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(K) On Count Two, award Plaintiff as against Defendants punitive damages;

(L) On Count Two, award Plaintiff as against Defendants the costs of this action, together with reasonable attorneys' fees;

(M)  On Count Three, enter a judgment declaring the acts and
practices of Defendants to be in violation of the NYSHRL;

(N)  On Count Three, award Plaintiff as against Defendants
the amount of wages, including without limitation back pay, front
pay, bonuses, benefits, and interest lost as a result of
Defendants' unlawful conduct;

(O)  On Count Three, award Plaintiff as against Defendants
consequential damages for losses resulting from Defendants'
unlawful conduct;

(P)  On Count Three, award Plaintiff as against Defendants
compensatory damages for, among other items, injury, impairment
and damage to her good name and reputation, emotional distress,
mental anguish, emotional pain, suffering, inconvenience, loss of
enjoyment of life, lasting embarrassment and humiliation, and
other pecuniary and nonpecuniary losses;

(Q)  On Count Four, enter a judgment declaring the acts and
practices of Defendants to be in violation of Section 1981;

(R)  On Count Four, award Plaintiff as against Defendants
the amount of wages, including without limitation back pay, front
pay, bonuses, benefits, and interest lost as a result of
Defendants' unlawful conduct;

(S)  On Count Four, award Plaintiff as against Defendants
consequential damages for losses resulting from Defendants'
unlawful conduct;

(T)  On Count Four, award Plaintiff as against Defendants
compensatory damages for, among other items, injury, impairment

-18-

and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(U)  On Count Four, award Plaintiff as against Defendants punitive damages;

(V)  On Count Four, award Plaintiff as against Defendants the costs of this action, together with reasonable attorneys' fees;

(W)  On All Counts, award Plaintiff any and all other damages and relief provided by the applicable statutes; and

(X)  Grant Plaintiff such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff demands a jury trial for all issues triable.

Dated:    New York, New York
          May 28, 2013

                        GOLDBERG & FLIEGEL LLP

                   By:  _Kenneth A. Goldberg_____
                        Kenneth A. Goldberg
                        60 East 42nd Street, Suite 3520
                        New York, New York 10165
                        (212) 983-1077
                        Attorneys for Plaintiff